UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DALE HAMPTON,

    Plaintiff,

v.

Deputy ALCALA, badge # 1808,

    Defendant.

No. C 06-0504 PJH (PR)

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND SCHEDULING ORDER FOR FURTHER PROCEEDINGS**

This is a civil rights case filed pro se by a former inmate of the San Francisco County Jail. The defendant is a San Francisco County Jail correctional officer; plaintiff has now been released from custody. Defendant has filed a motion for summary judgment and plaintiff has filed a number of motions as well.

Among the grounds for defendant's motion for summary judgment is a contention that plaintiff has not exhausted his administrative remedies, given that in the complaint he checked a box indicating that the last level to which he complained was not the highest level available. On the other hand, in his response to the reply plaintiff says that he needs production of requested documents, which, he says, will show that he exhausted. Because this issue has the potential to be dispositive of the case, and because plaintiff has shown that he needs additional discovery to adequately oppose the contention, the motion for summary judgment (document number 24 on the docket) is **DENIED**. *See* Fed. R.Civ.P. 56(f) (motion for summary judgment may be denied or continued to allow discovery).

Further proceedings in this case are limited, for now, to resolving the exhaustion question. Defendant should note that a nonexhaustion claim should be raised in an unenumerated Rule 12(b) motion rather than in a motion for summary judgment. *Wyatt v.*

*Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding such a motion – a motion to dismiss for failure to exhaust nonjudicial remedies – the court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20.[1] If the court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice. *Id.* at 1120. A prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. *Woodford v. Ngo*, 126 S. Ct. 2378, 2384 (2006).

Plaintiff has filed several motions which in one way or another involve discovery. Plaintiff's motion for production of documents was stricken in the court's order entered on February 12, 2007. His motion for a ruling on the motion for production (document number 33) is **DENIED** as moot. It appears from plaintiff's opposition to the motion for summary judgment and his response to the reply that he now has copies of the defendant's filings he requests in his motion (document number 36). It is **DENIED** as moot without prejudice to renewing it if the court is incorrect and he does not have the necessary copies.

Plaintiff also requests a free copy of the complaint he filed in this case. It is his responsibility to retain copies of the documents he files. A copy can be supplied if plaintiff pays the copying charge; he should contact the clerk for the proper procedure for determining the charge. The motion (document number 37) is **DENIED**.

Plaintiff has also filed a motion to compel discovery. In view of the court's having limited proceedings to the exhaustion issue, production of so many documents is, for the moment, unnecessary. The motion (document number 38) is **DENIED**. Likewise, plaintiff's motion to impose sanctions (document number 47) also is **DENIED**. Defendant shall cooperate in discovery limited to the question of exhaustion. Until resolution of the exhaustion issue, discovery on other aspects of the case is **STAYED**.

Defendant shall file a motion based on nonexhaustion within thirty days of the date this order is entered, or shall inform the court within that time that no such motion is

---

[1] Petitioner should note the "Warning – Exhaustion" given him with the order of service.

2

justified.  If a motion is filed, plaintiff may oppose it within thirty days of the date it is served upon him.  Defendant's reply, if any, is due fourteen days from the date the opposition is served on him.  The court will then consider the motion without oral argument, on the papers.

**IT IS SO ORDERED.**

Dated:  July 31, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.06\HAMPTON504.SJ-DENY.wpd