UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DALE HAMPTON,

        Plaintiff,

    v.

Deputy ALCALA, badge # 1808,

        Defendant.
                                        /

No. C 06-0504 PJH (PR)

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

       This is a civil rights case filed pro se by a state prisoner. Plaintiff contends that after he called the correctional officer defendant an insulting name, defendant handcuffed him, removed him from the call, and deliberately shoved him face-first into a "control bar lock cabinet," causing injury.

       Before the court for ruling is defendant's opposed motion to dismiss, or in the alternative for summary judgment, on grounds plaintiff has not exhausted his administrative remedies. For the reasons set out below, the motion will be granted.

**DISCUSSION**

**I.    Motion to Strike**

       Defendant has moved to strike plaintiff's response to his reply. Plaintiff did not obtain the court's permission to file a response, as required by Civil Local Rule 7-3(d). The response does not present evidence and refers only to matters already in the record. The motion to strike will be granted.

**II.    Motion to Dismiss**

       The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983],

or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory.  *Porter v Nussle*, 122 S. Ct. 983, 988 (2002).  All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'"  *Id.* (citation omitted).  Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.  *Id.*; *Booth v Churner*, 532 U.S. 731, 741 (2001).  Similarly, exhaustion is a prerequisite to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  *Porter*, 122 S. Ct. at 992.

The San Francisco County Jail has a grievance system.  Decl. Arata, ¶ 4.  For a grievance against a staff member, as is at issue here, the prisoner fills out a grievance form and submits it to the Facility Commander.  *Id.* at ¶ 5.  If dissatisfied with the Facility Commander's response, the inmate can appeal to the Custody Division Commander.  *Id.*  The Custody Division Commander's response completes the grievance process.  *Id.* at 6.  Chief Deputy Thomas Arata, whose declaration has been provided in support of the motion to dismiss, was acting Custody Division Commander at the time of plaintiff's grievance.  *Id.* at ¶ 7.  He says that he did not receive an appeal of plaintiff's grievance.  *Id.* at ¶ 8.

Plaintiff was warned in the order of service that if defendant filed a motion to dismiss on exhaustion grounds, any evidence that plaintiff wished to present in opposition must be "in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions."  Nevertheless, he has not provided any evidence in the forms listed; instead he presents only unsupported allegations in argument.  He thus has not established a factual basis for his contention that he did not receive the grievance back from the Facility Commander.  Because Chief Arata's declaration establishes that he never received the

grievance, and because plaintiff has failed to provide any evidence to the contrary, the motion will be granted.

## CONCLUSION

Defendant's motion to strike plaintiff's response (document 71) and his motion to dismiss (document 64) are **GRANTED**.  The complaint is **DISMISSED** without prejudice. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  September 16, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.06\HAMPTON504.DSM-exh.wpd

3